# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LIFE INSURANCE COMPANY OF NORTH )
  AMERICA, )
        Plaintiff, )
vs. ) NO. CIV-10-1329-D
DEBORAH LYNN WARD SCHAER, )
  TERRA DESIREE WARD VAUGHN )
  PEEVY, and PAMELA K. BRADSHAW, )
        Defendants. )

## ORDER

Before the Court is the motion [Doc. No. 9] of Defendant Deborah Lynn Ward Schaer for "Change of Venue for Forum non Conveniens and/or Motion to Stay This Action." Plaintiff has timely responded; the other defendants have not filed responses.[1] For the reasons set forth herein, the motion is denied.

Pursuant to Fed. R. Civ. P. 22, Plaintiff Life Insurance Company of North America ("LINA") brought this action in interpleader, alleging that there are competing claims to the proceeds of a policy issued by LINA and insuring the life of Henry H. Ward ("Decedent"). Named as defendants are three individuals who appear to have competing claims to the policy proceeds. LINA alleges that it intends to seek Court authorization to pay the policy proceeds into Court pending the determination of the proper beneficiary. However, it has not yet done so because all defendants

---

[1] The Court file reflects that Plaintiff has not filed returns of service reflecting service of process as to the other defendants.

have not filed answers.

According to the Complaint, Defendant Deborah Lynn Ward Schaer is the daughter of Decedent and has submitted a claim to LINA for the policy proceeds. In her current motion, she asks this Court to transfer this action to the District Court of McCurtain County, Oklahoma "for reasons of forum non-conveniens;" alternatively, she asks the Court to stay this action pending the outcome of a lawsuit pending as Case No. CJ-10-152 in the District Court of McCurtain[2] County, Oklahoma in which she apparently alleges that other claimants to the proceeds of the LINA policy have engaged in some form of wrongdoing which would preclude their rights to the proceeds.

In response, LINA argues that Defendant has not challenged this Court's subject matter jurisdiction or the propriety of venue here. It also argues that the doctrine of *forum non conveniens* applies only to requests to transfer cases to courts in foreign countries, and the doctrine is thus inapplicable in this case. It further argues that Defendant's request to stay this action is premature, as LINA has not yet sought Court authorization to pay the policy proceeds into Court in accordance with the federal interpleader procedures.

As LINA argues, the doctrine of *forum non conveniens* is now viewed as applicable only where a party seeks transfer to a forum in a foreign country. *See, e.g., Interfab, Ltd. v. Valiant Industrier AS,* 1999 WL 565572, at *2 n.1 (10th Cir. Aug. 3, 1999) (unpublished opinion); *In re Cessna 208 Series Aircraft Products Liability Litig.*, 546 F. Supp. 2d 1191, 1194-95 (D. Kan. 2008). However, the general principles underlying the doctrine are incorporated in the considerations applicable to a request for transfer pursuant to 28 U. S. C. § 1404(a). Section 1404(a) applies where

---

[2]In citing the pending state court action, Defendant lists both McCurtain and Choctaw counties. The Court assumes this is a typographical error because the introductory paragraph of her motion identifies the District Court of McCurtain County, Oklahoma as the court to which a transfer is requested, and there is also a reference in the motion to a probate proceeding in McCurtain County.

venue is proper in the federal court where the action is filed; upon a proper motion, the forum court may transfer the action, "for the convenience of the parties and witnesses" and "in the interest of justice," to another federal district court or division "where it might have been brought." 28 U. S. C. § 1404(a).

In this case, however, Defendant's motion fails to cite § 1404(a) and wholly fails to assert any viable argument to support a transfer under the requirements of the statute. In fact, § 1404(a) references only transfers to other federal district courts or divisions and requires that the transferee forum is one where the action "might have been brought." 28 U. S. C. § 1404(a). Defendant offers no argument or authority suggesting that LINA's interpleader action might have been properly filed in an Oklahoma district court. Furthermore, under § 1404(a), the Court must find that the transfer is in the interest of justice and for the convenience of the parties and witnesses; Defendant offers no argument in support of these required findings. More significantly, however, Defendant offers no authority whatsoever to support a request to transfer the action from this Court to a state court. In fact, there is no authority allowing a federal court to transfer a pending federal case to a state court. *See Ferguson v. Oklahoma Secretary of State*, 6 F. App'x 797, 799 (10th Cir. 2001) (unpublished opinion). Defendant's motion to transfer is without merit, and is denied.

The Court agrees with LINA that Defendant has not articulated a persuasive argument to stay this action until the state court proceeding is completed. While Defendant's motion summarizes allegations she has asserted in that proceeding, she provides no information regarding its status. The Court cannot determine from the arguments asserted that the referenced lawsuit will determine the proper party to receive proceeds of the LINA policy or that a stay of this action is otherwise warranted. At a minimum, the request to stay this action is premature.

3

For the foregoing reasons, Defendant's motion [Doc. No. 9] is DENIED. Defendant is directed to file her answer to the Complaint within the time limits required by the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 16th day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE